**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 19-cv-14472-JEM**

DAN BONGINO

  Plaintiff,

vs.

THE DAILY BEAST COMPANY, LLC

  Defendant.
_____/

## DEFENDANT THE DAILY BEAST COMPANY LLC'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant The Daily Beast Company LLC ("The Daily Beast") has filed a motion to dismiss this case in its entirety for failure to state a claim. The bases for the motion are straightforward – indeed, one of them, that Plaintiff Dan Bongino failed to comply with the mandatory pre-suit notice provision of Fla. Stat. § 770.01, is jurisdictional. The other, equally fundamental basis for dismissal is that the article at issue contains no defamatory statement of fact. Because the motion is clearly meritorious and disposes of this case, any discovery during its pendency would be pointless – and the burden of that discovery would punish The Daily Beast for exercising its First Amendment rights. For these reasons, the Court should stay discovery pending its ruling on the motion to dismiss.

## FACTUAL BACKGROUND

This lawsuit arises out of an article published by The Daily Beast on December 10, 2018 entitled *Dan Bongino out at NRATV: BONGI-NO-MORE*, which reported that "[t]he National Rifle Association's media arm has dropped pro-Trump firebrand Dan Bongino from its lineup of conservative commentators."

Plaintiff commenced this action on December 10, 2019.  His Complaint alleges causes of action for defamation, commercial disparagement, and violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), Fla. Stat. § 501.204.  *See* Dkt. 1 ("Compl.").

Concurrently with this motion, The Daily Beast has moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for an award of reasonable attorneys' fees and costs pursuant to the Florida anti-SLAPP law, Fla. Stat. § 768.295.

## ARGUMENT

"Federal district courts have wide discretion to limit the scope of discovery or control its timing to protect a party from annoyance, oppression, or undue burden or expense." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (citing Fed. R. Civ. P. 26(c)).  This wide discretion readily permits courts to stay discovery pending resolution of dispositive motions.  *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (affirming stay of discovery pending decision on motions to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (finding no abuse of discretion in staying discovery pending resolution of motion for judgment on the pleadings in defamation action); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters.... [W]e see no possible abuse of discretion in the order staying general discovery ....").

The Eleventh Circuit has encouraged district courts to resolve motions to dismiss *before* discovery begins:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.... Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

2

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).  Other courts have similarly recognized that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"  *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

For these reasons, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins."  *Chudasama*, 123 F.3d at 1366; *accord World Holdings, LLC v. Fed. Rep. Ger.*, 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, 'neither the parties not the court have any need for discovery before the court rules on the motion.'") (quoting *Chudasama*, 123 F.3d at 1367).  Stays of discovery in defamation actions are particularly important, because forcing defendants to incur unnecessary costs defending ultimately meritless suits can chill speech.  As this Court noted in one defamation case:

> The Court's review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment.  Absent a stay of discovery pending determination of these threshold legal issues, Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests.  The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted.

*Borislow v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (citing *Chudasama*, 123 F.3d at 1367-68); *see also, e.g., Moldea v. New York Times Co.*, 137 F.R.D. 1, 1-2 (D.D.C. 1990) (recognizing "the significant First Amendment issues raised in this case," that the dispositive motion required the court to "determine [the issues] as a matter of law,"

3

and that staying discovery under Rule 26(c) was appropriate to "avoid the time and expense of responding to inquiries that will have no effect on the resolution of the forthcoming motion").

In deciding whether to stay discovery, courts thus take a "preliminary peek" at the motion to determine if it appears to be "clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). Courts also "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (citation omitted)

The Court should stay discovery in this case pending resolution of the motion to dismiss. As set forth below, the motion is clearly meritorious and will dispose of the case; a brief stay of discovery will not prejudice or harm Plaintiff; and The Daily Beast, nonparties, the Court, and the interests protected by the First Amendment will be harmed by discovery. Balancing these considerations weighs heavily in favor of staying discovery.

### A. The motion to dismiss will likely be dispositive of this case

A "preliminary peek" at the motion to dismiss reveals that it is not a close call, and will dispose of the case. This Court need not even reach the merits of the case to dismiss it, because Plaintiff effectively concedes in the Complaint that he has failed to comply with Florida's requirement that he give the defendant five business days' notice before commencing a defamation suit – which is "a jurisdictional condition precedent to the right to maintain the action." *Davies v. Bossert*, 449 So. 2d 418, 419 (Fla. 3d DCA 1984); *see* Fla. Stat. § 770.01; *Canonico v. Callaway*, 26 So. 3d 53, 55-56 (Fla. 2d DCA 2010). This failure "*requires* dismissal of the complaint for failure to state a cause of action." *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997) (emphasis added).

As the motion to dismiss also points out, that is not the only reason why Plaintiff has failed to state a claim. His defamation claim is barred by the longstanding rule that it is not defamatory

4

to report that someone has been fired – and by the fact the Article does not even say he was fired in the first place.  And Plaintiff's ancillary claims fail both because they are duplicative of his failed defamation claim, and because Plaintiff cannot hope to establish the elements of a commercial disparagement or unfair trade practices claim on the facts alleged in his Complaint.

### B. A brief stay of discovery will not prejudice or harm Plaintiff

Having failed even to comply with the conditions precedent for bringing this lawsuit, Plaintiff can hardly claim to be prejudiced by a stay of discovery until the motion to dismiss is decided.  It was Plaintiff who decided to file this lawsuit without giving proper notice, and if the motion to dismiss is granted, he has no need for discovery.  Moreover, any claim that a short stay of discovery would prejudice Plaintiff is belied by his own decision to wait a full year after the Article was published to file this action.  Having sat on his claims for a year, Plaintiff surely can wait a few months more for a chance at discovery.

### C. Unnecessary discovery could prejudice The Daily Beast, nonparties, the Court, and the First Amendment

Balanced against any minimal harm to Plaintiff is the real and serious harm caused by permitting discovery where Plaintiff has clearly failed to state a cause of action.

A stay would save the parties, non-parties, and the Court itself from wasting time and money on discovery that will become moot if and when the Court grants the motion to dismiss.  Concerns about wasting time and money are particularly pressing in defamation cases against the media, like this one, because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation."  *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *see also Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("[T]rial courts are understandably wary of allowing unnecessary discovery where First Amendment values might be threatened.").  Discovery at this

5

stage of the case would also be at odds with the purposes of Florida's anti-SLAPP law, which was enacted in order to "shield[] individuals and entities from the often-crushing expense of lawsuits brought by powerful, moneyed plaintiffs for no other reason than to silence criticism and stifle dissent." *Lam v. Univision Commc'ns, Inc.*, 2019 WL 6830882, at *2 (Fla. Cir. Ct. Nov. 2, 2019). If this Court were to apply that statute only after The Daily Beast is forced to incur significant litigation expenses, a critical purpose of the law would be frustrated.

Another factor weighing against premature discovery here is Plaintiff's obvious animus towards The Daily Beast, and his use of this litigation as a platform to publicly disparage The Daily Beast and other members of the media who have criticized him and his political allies. On the day he filed this lawsuit, Plaintiff described it on his podcast as part of his "ongoing battle for a long time now with fake news media people that just report blatantly false things about me," and issued a press release announcing that he was suing because "[t]he liberal activists inside of many media outlets have gotten away with character assassination for way too long." Ex. 1 to this motion. Plaintiff's Complaint strikes the same tone, describing The Daily Beast as "a digital assassin owned and controlled by Clinton-devotees," Compl. ¶ 1 – a statement prominently quoted in the press release. In the absence of a stay of discovery, The Daily Beast might be forced to produce sensitive financial and editorial information to a man who sees The Daily Beast as his avowed enemy and believes he is fighting an "ongoing battle" against it – without his even stating a valid legal claim against it. A stay of discovery is necessary to avoid this prejudice.

## CONCLUSION

For these reasons, the Court should enter an order staying discovery pending resolution of The Daily Beast's motion to dismiss.

Date: January 31, 2020

        Respectfully submitted,

        /s/ Roy Black
        Roy Black
        Jared Lopez
        Black, Srebnick, Kornspan & Stumpf, P.A.
        201 So. Biscayne Boulevard
        Miami, Florida 33131
        rblack@royblack.com
        jlopez@royblack.com

        Katherine M. Bolger (*pro hac vice*)
        Adam Lazier (*pro hac vice*)
        Davis Wright Tremaine LLP
        1251 Avenue of the Americas, 21st Floor
        New York, New York 10020
        katebolger@dwt.com
        adamlazier@dwt.com

        *Attorneys for Defendant*

## **CERTIFICATE OF CONFERRAL**

Defendant's counsel has contacted Plaintiff's counsel, who opposes the relief sought herein.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jared Lopez
Jared Lopez