UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 19-14472-CIV-MARTINEZ

| | |
|---|---|
| DAN BONGINO | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
|  | ) |
| THE DAILY BEAST | ) |
| COMPANY, LLC | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

# MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Plaintiff, Dan Bongino, by counsel, pursuant to Local Civil Rule 7.1(c)(1), respectfully submits this Memorandum in Opposition to the motion for attorneys' fees [*ECF No. 26*] filed by defendant, The Daily Beast Company, LLC ("Defendant").

Plaintiff challenges Defendant's entitlement to fees and seeks a determination of entitlement pursuant to Rule 54(d)(2)(C) of the Federal Rules of Civil Procedure. The Court should deny the motion for the following reasons:

1.      The Court has no subject matter jurisdiction to consider Defendant's motion. On August 6, 2020, the Court entered an Order granting Defendant's motion to dismiss with leave to amend and "prospectively" granting Defendant's motion to recover costs and fees under Florida's anti-SLAPP statute "fees based on Plaintiff's initial Complaint." Because the Court permitted Plaintiff an opportunity to amend, the Court

1

held off on a final ruling on the matter. [*ECF No. 23*].  On August 10, 2020, Plaintiff timely filed notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  On August 11, 2020, the Court entered a Final Order of Dismissal and closed the case.

Plaintiff had an "absolute" right to voluntarily dismiss the case pursuant to Rule 41(a)(1)(A)(i), which he exercised prior to the Court's final ruling on Defendant's motion to recover fees under Florida's anti-SLAPP law. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion.").  The District Court was divested of subject matter jurisdiction upon Plaintiff's filing of the notice of voluntary dismissal. *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)  ("That document itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play … There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.").

2. Defendant moved to dismiss Plaintiff's initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [*ECF No. 16*].  Florida's anti-SLAPP statute, Fla. Stat. § 768.295(4), does not purport to make attorney's fees available to parties who obtain dismissal pursuant to Federal Rule 12(b)(6).  Therefore, attorney's fees under the Florida anti-SLAPP Act are not available to the Defendant in this case. *See Nunes v. Lizza*, 2020 WL 4507326, at * 10 (N.D. Iowa 2020) (citing *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1337 fn. 5 (D.C. Cir. 2015)).

3. Section 768.295(4) states that the Court "shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was

filed *in violation of this section*." (emphasis added). Thus, the Court's final adjudication of the merits of the Defendant's anti-SLAPP motion was an essential predicate to ruling on the Defendant's request for an award of fees. Otherwise, Plaintiff's voluntary dismissal of the action could have the effect of entitling the Defendant to fees in an action which was dismissed by the Plaintiff for entirely legitimate reasons.[1] Here, the Plaintiff exercised his absolute right to dismiss this action prior to amendment and prior to a final ruling on the merits of the case, including Defendant's anti-SLAPP defense. The ultimate success of Defendant's anti-SLAPP motion was dependent on the Court ruling that an amended complaint failed to state a claim of defamation under Federal Rule 12(b)(6). That eventuality was rendered impossible when Plaintiff dismissed his claims. *See NSS Labs, Inc. v. Symantec Corporation*, 2020 WL 1929338, at * 2 (N.D. Cal. 2020) (motion to strike was expressly dependent on a continency that never came to pass).

---

[1] In this case, Defendants, *inter alia*, argued that Plaintiff failed to comply with the procedural requirements of Fla Stat, § 770.01. Voluntary dismissal in order to achieve compliance with the statute is an entirely legitimate purpose that has nothing to do with the probability of success on the merits of Plaintiff's defamation claim or the merits of Defendant's anti-SLAPP Motion. In addition, although the parties presumed that Florida law applied, that is not necessarily so. In Florida, the "most significant relationship" test determines the applicable law by considering the contacts listed in the Restatement (Second) of Conflict of Laws. *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Those contacts "include": (a) where the injury occurred, (b) where the conduct causing the injury occurred, (c) the "domicil, residence, nationality, place of incorporation and place of business of the parties", and (d) where the parties' "relationship, if any, … is centered." Restatement (Second) of Conflict of Laws § 145(2). Those contacts all point to application of New York law. The reporting and editing was done from New York. The article is about events that took place in New York—*i.e.*, Plaintiff's employment and termination by NRATV. Daily Beast is headquartered in New York. Correspondent Lachlan Markay lives there. In the event of a refiling, either in New York or Florida, it is not at all certain that Florida's anti-SLAPP law will even apply. *Cf. Kesner v. Barron's, Inc.*, 2020 WL 4561596, at * 2 (S.D. Fla. 2020) (Case transferred to New York, where defendant researched the relevant article while working for Dow Jones in New York. To the extent plaintiff's professional reputation was harmed, such harm occurred in New York because Plaintiff's professional reputation is centered in New York where he practiced law for his entire career.).

Under these circumstances, the Defendant is not the "prevailing party" and, therefore, is not entitled to attorneys' fees.

DAN BONGINO

By:   */s/ Robert C. Buschel*
     Robert C. Buschel, Esq.
     Florida Bar No. 0063436
     BUSCHEL GIBBONS, P.A.
     One Financial Plaza
     100 S.E. Third Avenue, Suite 1300
     Fort Lauderdale, Florida 33394
     Tele: (954) 530-5301
     Buschel@BGlaw-pa.com

     *Counsel for the Plaintiff*

     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone: (804) 501-8272
     Facsimile: (202) 318-4098
     Email: stevenbiss@earthlink.net

     *Counsel for the Plaintiff*
     *(Application for Admission Pro Hac Vice*
        *To be Filed)*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

By: */s/ Robert C. Buschel*
Robert C. Buschel, Esq.
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
Buschel@BGlaw-pa.com

*Counsel for the Plaintiff*

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:          stevenbiss@earthlink.net

*Counsel for the Plaintiff*
*(Application for Admission Pro Hac Vice*
          *To be Filed)*