IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 19-cv-14472-JEM

DAN BONGINO,

  Plaintiff,

vs.

THE DAILY BEAST COMPANY, LLC,

  Defendant.
_____/

**DEFENDANT THE DAILY BEAST COMPANY, LLC'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiff Dan Bongino's Opposition to The Daily Beast's motion for attorneys' fees effectively concedes most of the key issues. Bongino does not deny that he refused to participate in the meet-and-confer process mandated by the local rules. He does not challenge the reasonableness of the fees The Daily Beast seeks to recover here. And he offers no real response to most of The Daily Beast's arguments. Bongino's failure to offer any meaningful legal defense of his position only confirms why this motion should be granted: this is exactly the sort of meritless litigation against the media that the Florida anti-SLAPP law was intended to deter.

As a threshold matter, this Court need not even reach the merits of the arguments in Bongino's Opposition, because he has waived them. Bongino does not dispute, and thus effectively concedes, that he refused to participate in the pre-motion meet-and-confer process mandated by Southern District of Florida Local Rule 7.3(b), and that his complete disregard for this Court's rules waives any objection to The Daily Beast's fee request. *See* ECF No. 26 ("Mot.") at 4 & n.1; *Club Madonna, Inc. v. City of Miami Beach*, No. 13-23762-CIV, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) ("The Court is not so lenient when a party flippantly disregards the Local Rules – especially rules that are designed to conserve the Court's resources

– and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b).").

Although that is reason enough to grant The Daily Beast's fee request, this motion should also be granted on the merits. As noted above, Bongino does not contest the reasonableness of the amount of fees sought in this motion – he only challenges The Daily Beast's entitlement to fees. This Court has already addressed that issue, ruling in its dismissal order that the Florida anti-SLAPP law's fee-shifting provision applies in federal court, and that The Daily Beast was "prospectively" entitled to recover fees under that provision. ECF No. 23 ("MTD Order") at 16-18.

Ignoring what this Court has already decided in the MTD Order, Bongino argues that The Daily Beast is no longer entitled to fees because, *after* the Court dismissed his case, he himself "voluntarily dismissed" it. ECF No. 27 ("Opp.") at 2-3. This obvious gambit fails. Bongino in essence contends that this Court's MTD Order does not make The Daily Beast a "prevailing party" under the anti-SLAPP law because it was not "a final ruling on the merits of the case." Opp. at 2-3. That is incorrect; even if Bongino had later managed to amend his Complaint to state a claim, that would not have changed the fact that his original Complaint violated the anti-SLAPP law. Mot. at 6-7; *see Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801-02 & n.6 (11th Cir. 2004) ("Here, Defendant is the prevailing party under Florida law, as the district court dismissed Plaintiff's action against Defendant, despite the fact that the dismissal was without prejudice," because "the district court's dismissal of the complaint without prejudice was based not on a procedural ground or technical defect but rather on Plaintiff's failure to state a cause of action."); MTD Order at 18 (authorizing

The Daily Beast to file fees motion "*pursuant to this Order* at the close of the case.") (emphasis added).

Moreover, Bongino's emphasis on whether the MTD Order was a "final adjudication on the merits" is simply beside the point, because under Florida law it is clear that a plaintiff's voluntary dismissal makes the defendant the "prevailing party" for purposes of attorneys' fees, regardless of whether the court has ruled on the merits of the case. Mot. at 6 (citing cases); *see also, e.g.*, *Bahrakis v. Zimmerman*, No. 8:19-cv-2948, 2020 WL 4734929, at *2 (M.D. Fla. Aug. 14, 2020) ("Defendants contend that they are the prevailing parties as to the Florida claims dismissed without prejudice, because Plaintiffs decided to voluntarily dismiss (rather than amend) their complaint in this Court and this case is now closed. The Court agrees with Defendants that this makes them the prevailing parties as to the Florida claims."); *Stile v. Albanese-Popkin The Oaks Dev. Grp., L.P.*, No. 09-82452, 2011 WL 13272532, at *1 (S.D. Fla. Mar. 31, 2011) ("Under Florida law, Defendant is considered a 'prevailing party' after Plaintiffs' voluntary dismissal, notwithstanding that it was without prejudice."); *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV., 2008 WL 3200705, at *1 (S.D. Fla. Aug. 6, 2008) ("Florida courts hold that when a plaintiff files a voluntary dismissal, the defendant becomes the prevailing party for purposes of entitlement to attorneys' fees…. I do not have any basis to find that this substantive law regarding entitlement to attorneys' fees should be different if the dismissal is effected under Federal Rule of Civil Procedure 41.").

Nor can Bongino explain how his strained argument can possibly be squared with the purposes of the anti-SLAPP law. That legislation "creates a right not to be subject to meritless suits" that could chill freedom of speech, *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 310 (Fla. 2d DCA 2019), and the fee-shifting provision gives substance to that "fundamental state policy" by

"deterring SLAPP suits." MTD Order at 16; *see, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (noting that in public-figure defamation cases, "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation"). As The Daily Beast pointed out in its motion, *see* Mot. 7, Bongino's interpretation would render the fee-shifting provision all but meaningless by allowing "SLAPP plaintiffs [to] achieve most of their objective with little risk – by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a [motion], then dismissing the action without prejudice." *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1041-42 (S.D. Cal. 2017) (holding that plaintiff who voluntarily dismissed case was liable for fees under California anti-SLAPP law). On this point as well, Bongino offers no response in his Opposition.

Bongino's remaining arguments can be swiftly disposed of. *First*, he argues that this Court lacks jurisdiction to consider this motion, since the Court was allegedly "divested of subject matter jurisdiction upon Plaintiff's filing of the notice of voluntary dismissal." Opp. at 2. Here too, Bongino simply has the law wrong: the Eleventh Circuit has recognized that a "voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) does not deprive a district court of authority to award costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001)); *see also, e.g.*, *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-cv-2119, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) ("Thus, after a voluntary dismissal by [the] plaintiff the trial court does have jurisdiction to award attorney's fees where the fees are authorized by statute or a contract between the parties.") (citation omitted).[1] In fact, Florida federal courts routinely grant

---

[1] The only case Bongino cites in support of his argument, *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963) (cited in Opp. at 2), did not address the court's jurisdiction to award attorneys' fees at all. The "single issue" in that case was "whether a voluntary dismissal by order

such motions, applying the usual rule under Florida law that a plaintiff's voluntary dismissal makes the defendant the prevailing party. *See, e.g.*, *Bahrakis*, 2020 WL 4734929, at *2; *Shelton v. Schar*, No. 5:17-cv-86, 2018 WL 3636698, at *2 (M.D. Fla. Apr. 23, 2018); *M&L Rest. Grp.*, 2018 WL 4608256, at *4; *Stile*, 2011 WL 13272532, at *1; *Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 09-82363-CIV., 2010 WL 4942838, at *2 (S.D. Fla. Nov. 30, 2010); *Herbst v. N. Ocean Condos, L.P.*, No. 08-60869-cv, 2009 WL 2257827, at *1 (S.D. Fla. July 29, 2009); *Shave*, 2008 WL 3200705, at *1.

*Second*, Bongino argues that "Florida's anti-SLAPP law…does not purport to make attorney's fees available to parties who obtain dismissal pursuant to Federal Rule 12(b)(6)." Opp. at 2. The Court squarely rejected this very argument in the MTD Order. *See* MTD Order at 16 (holding that Florida anti-SLAPP law "fuses with Rules 8, 12, and 56 by entitling the prevailing party to fees and costs if, after invoking the devices set forth by those rules, a court finds an action is 'without merit' and thus prohibited"). The Court's decision was correct, and Bongino offers no reason to reconsider it.[2]

*Finally*, Bongino tries to escape the Florida anti-SLAPP law entirely by suggesting that this case is actually governed by New York law. Opp. at 3 n.1. This is a remarkable argument

---

of court after an initial voluntary dismissal of the same suit by notice in a state court bars the filing of a third suit in federal court under the provisions of Rule 41(a), Federal Rules of Civil Procedure." *Id*. at 296.

[2] *Nunes v. Lizza*, --- F. Supp. 3d ----, 2020 WL 4507326 (N.D. Iowa Aug. 5, 2020), *appeal filed*, No. 20-2710 (8th Cir. Aug. 17, 2020) (cited in Opp. at 2), does not conflict with this Court's decision. That case held that the fee-shifting provision in the California anti-SLAPP law was unavailable because that statute's special motion to strike procedure did not apply in federal court and the fee-shifting provision was explicitly limited to "a prevailing defendant *on a special motion to strike*." *Id*. at *10 . The Florida anti-SLAPP law, by contrast, does not on its face create a special motion to strike procedure, and it certainly does not limit its fee-shifting provision to such motions. *See* MTD Order at 16 (that provision "fuses with Rules 8, 12, and 56, by entitling the prevailing party to fees and costs if, after invoking the devices set forth by those rules, a court finds an action is 'without merit' and thus prohibited").

coming from a plaintiff who filed this lawsuit in Florida, purported to serve pre-suit notice under Florida law, and explicitly invoked Florida law both in his Complaint (which included a claim under the Florida Deceptive and Unfair Trade Practices Act) and in opposition to The Daily Beast's motion to dismiss.  *See, e.g.*, ECF No. 1 ¶¶ 10-11, 20, 33, 36-39; ECF No. 19 at 3-10. Bongino has long since waived any argument that out-of-state law applies to this case.  *See Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1208 (11th Cir. 2018) ("Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide—typically in its complaint or the first motion or response when choice-of-law matters—the sources of non-forum law on which it seeks to rely.").

The bottom line is that Bongino's Opposition only confirms what has been clear for months: this case has always been more about punishing The Daily Beast for exercising its First Amendment rights to report on a public figure than about pursuing a viable claim.  This is a classic SLAPP suit, and The Daily Beast's motion for attorneys' fees should therefore be granted in full.

Date: October 26, 2020

                Respectfully submitted,

                <u>/s/ *Roy Black*</u>
                Roy Black
                Jared Lopez
                Black, Srebnick, Kornspan & Stumpf, P.A.
                201 So. Biscayne Boulevard
                Miami, Florida 33131
                rblack@royblack.com
                jlopez@royblack.com

                Katherine M. Bolger (*pro hac vice*)
                Adam Lazier (*pro hac vice*)
                Davis Wright Tremaine LLP
                1251 Avenue of the Americas, 21st Floor

>New York, New York 10020
>katebolger@dwt.com
>adamlazier@dwt.com
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2020, a true and correct copy of the foregoing was served via electronic mail on all counsel of record, upon the filing of the foregoing with the Court's ECF system.

>/s/ *Katherine M. Bolger*
>Katherine M. Bolger