UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14472-CIV-MARTINEZ/MAYNARD

DAN BONGINO

    Plaintiff,

v.

THE DAILY BEAST COMPANY, LLC

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES (DE 26)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 28) and the above Motion. Having reviewed the entire record, the Motion and its related briefing, and the applicable case law, this Court respectfully recommends that the Motion be granted.

## BACKGROUND

Plaintiff Dan Bongino, a podcast host, author, and self-described outspoken supporter of former-President Donald Trump, initiated this lawsuit on December 10, 2019. The lawsuit alleges that The Daily Beast Company, LLC ("Defendant"), engaged in defamation, commercial disparagement, and deceptive and unfair trade practices. *See generally* DE 1. Plaintiff contends Defendant, a digital news publication, "smear[ed]" his reputation and harmed his business by publishing and promoting an article titled "Dan Bongino out at NRATV – BONGI-NO-MORE" on December 10, 2018 (the "Article"). *Id.* at ¶¶ 2-3, 13; *see also* DE 16-1 (full copy of the Article). Plaintiff says the Article's statement that "[t]he National Rifle Association's media arm has dropped pro-Trump firebrand Dan Bongino from its lineup of conservative commentators" is false,

Defendant refused his request for a retraction and apology, and the statement caused him to suffer presumed and actual damages. DE 1 at ¶¶ 3, 21, 25-26.

On January 31, 2020, Defendant filed a Motion to Dismiss. DE 16. The motion argued that Plaintiff's claims should be dismissed because (1) he did not provide the statutorily required notice before commencing his defamation action and (2) the Article is not defamatory. *Id*. The motion also sought attorneys' fees and costs under Florida Statute § 768.295, Florida's statutory prohibition of strategic lawsuits against public participation ("Florida's anti-SLAPP statute"). *Id*. at 13-15.

The Honorable Jose E. Martinez, the presiding judge in this case, granted Defendant's Motion to Dismiss on August 6, 2020. DE 23. Judge Martinez found that Plaintiff failed to serve written notice to Defendant at least five days before filing suit, a condition precedent to bringing suit under Florida law. *Id*. at 4-5. He also found that the Article—which does not state or even insinuate that Plaintiff was terminated for cause, but instead explains his departure was related to corporate downsizing—is neither defamatory nor defamatory by implication. *Id.* at 5-11. Because Plaintiff's remaining claims for commercial disparagement and deceptive or unfair trade practices were based on the same, single publication as Plaintiff's defamation claim, Judge Martinez found these ancillary claims barred under Florida's "single action" doctrine.[1] *Id.* at 11-13. Regarding Defendant's request for fees and costs, Judge Martinez found both elements of Florida's anti-SLAPP statute's fee shifting provision satisfied. *Id.* at 14. Accordingly, he granted Defendant's

---

[1] Florida's single publication or single action doctrine prohibits multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based. *Ovadia v. Bloom*, 756 So. 2d 137, 141 (Fla. 3d DCA 2000). "If the defamation count fails, the other counts based on the same publication must fail as well." *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002), If this were not the case, a plaintiff could attempt to "elude the constitutional safeguards" within defamation law by renaming a cause of action and repleading the same facts. *Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992).

Motion to Dismiss without prejudice, afforded Plaintiff two weeks to amend his Complaint, and "prospectively granted" Defendant's motion to recover costs and fees under Florida's anti-SLAPP statute. *Id.* at 17-18. In full, Judge Martinez ordered as follows:

> Defendant's Motion to recover costs and fees under Florida's anti-SLAPP statute is prospectively **GRANTED** as to its applicability in this federal case and Defendant's entitlement to such fees based on Plaintiff's initial Complaint. Nonetheless, because the Court is permitting Plaintiff one final opportunity to amend, the Court will hold off on a final ruling on the matter. Defendant may file an appropriate motion pursuant to this Order at the close of the case.

*Id.*

Four days after Judge Martinez granted Defendant's Motion to Dismiss, on August 10, 2020, Plaintiff filed a Notice of Voluntary Dismissal dismissing without prejudice all of his claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). DE 24. The next day, Judge Martinez issued a Final Order of Dismissal Without Prejudice and closed the case. DE 25. Defendant filed the instant Motion for Attorneys' Fees on October 5, 2020. DE 26. The Motion was referred to the undersigned, *see* DE 28, and is ripe for review.

## DISCUSSION

Generally, in the American legal system, each party is responsible for its own attorneys' fees absent a contractual or statutory provision authorizing an award of the same. *In re Home Depot Inc.*, 931 F.3d 1065, 1078 (11th Cir. 2019); *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). In this case, Defendant requests recovery of reasonable attorneys' fees pursuant to the fee-shifting provision of Florida's anti-SLAPP statute, Fla. Stat. § 768.295. *See generally* DE 26.

Plaintiff makes two general arguments in opposition to Defendant's Motion for Attorneys' Fees.[2] First, he contends that the Court does not have subject matter jurisdiction to consider the

---

[2] In its Motion and Reply, Defendant argues that Plaintiff waived his objection to the relief requested because of his failure to respond to Defendant's attempts to confer ahead of filing the instant Motion, as required under this District's Local Rule 7.3(b). DE 26 at 4 n.1; DE 29 at 1-2. Plaintiff made no response to this argument. *See* DE 27. Defendant's

Motion because it was divested of such jurisdiction when he filed his Notice of Voluntary Dismissal. DE 27 at 1-2. Second, Plaintiff argues that attorneys' fees are not available to Defendant under Florida's anti-SLAPP statute because (a) the statute does not apply to this case and (b) even if it did, there was no final adjudication on the merits so Defendant is not the "prevailing party." *Id.* at 2-4. The Court considers each of these arguments in turn.

## I.  Subject Matter Jurisdiction to Consider the Motion for Fees

Plaintiff first contends that the exercise of his "absolute" right to voluntarily dismiss this case before the Court entered a final ruling in the matter divested the Court of subject matter jurisdiction over Defendant's Motion for Attorneys' Fees. DE 27 at 1-2. This argument is without merit.

"[A] federal court retains jurisdiction over collateral issues—including motions for attorney's fees—after a complaint is dismissed." *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014). *Cf. Sequa Corp. v. Cooper,* 245 F.3d 1036, 1037–38 (8th Cir. 2001) (noting that voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(i) does not deprive a district court of the authority to award costs). *See also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395 (1990) (upholding a district court's imposition of Rule 11 sanctions after the plaintiff had voluntarily dismissed the action because "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending. . . .[l]ike the imposition of costs, attorney's fees, and contempt sanctions."). Courts commonly consider and award attorneys' fees after a plaintiff voluntarily dismisses a case. *See, e.g.*, *Parra v. Minto Townpack, LLC*, No.

---

contention is correct that failure to sufficiently confer as required by the Local Rules may be a basis upon which a motion for attorney's fees could be granted. *See Club Madonna, Inc. v. City of Miami Beach*, No. 13-23762-CIV-JAL, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015). However, as the undersigned proceeds by Report and Recommendation, I decline to recommend disposition of this Motion based solely on Plaintiff's noncompliance with the Local Rules and proceed to the merits of the Motion and associated briefing.

08-14168-CIV, 2009 WL 2602678, at *3 (S.D. Fla. Aug. 21, 2009) (granting the defendant's motion for attorneys' fees after the plaintiff filed a notice of voluntary dismissal because "a voluntary dismissal conveys prevailing party status"); *Stile v. Albanese-Popkin The Oaks Dev. Grp., L.P.*, No. 09-82452-CIV, 2011 WL 13272532, at *1 (S.D. Fla. Mar. 31, 2011) (same); *Fid. Land Tr. Co., LLC v. Mortg. Elec. Registration Sys., Inc.*, No. 6:12-CV-1367-ORL-TBS, 2013 WL 12164707, at *3 (M.D. Fla. Mar. 22, 2013), *report and recommendation adopted*, 2013 WL 12161889 (M.D. Fla. Apr. 10, 2013); *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-CV-2119, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) ("It is well established that attorney's fees are properly awarded after a voluntary dismissal where such award is provided for by statute or agreement of the parties." (internal quotation omitted)).

In arguing otherwise, Plaintiff relies on a single case from 1963, *American Cyanamid Company v. McGhee*. DE 27 at 2 (citing 317 F. 2d 295 (5th Cir. 1963)).[3] *McGhee*, however, did not involve a court's subject matter jurisdiction over a motion filed after a voluntary dismissal, let alone a motion for attorneys' fees.[4] Instead, *McGhee* considered whether a voluntary dismissal by court order entered under Federal Rule of Civil Procedure 41(a)(2) counts against the limit on voluntary dismissals included in Rule 41(a)(1). *See* 317 F. 2d at 296. *McGhee*'s general observation that a notice of dismissal under Rule 41(a)(1) closes a case without "even a perfunctory

---

[3] Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are precedent in the Eleventh Circuit and the district courts and bankruptcy courts in the circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] While the lower court in *McGhee* awarded attorneys' fees to the defendant after the plaintiff's voluntary dismissal, the fees were not awarded on motion by the defendant. *McGhee*, 317 F.2d at 296-8. Rather, the court imposed attorneys' fees sua sponte under Federal Rule of Civil Procedure 41(a) as a condition for the plaintiff's refiling of his case for a third time. *Id.* In affirming the lower court's decision, the Fifth Circuit found the imposition of fees and costs "not . . . so harsh, arbitrary or unreasonable that they equate with plain error as a clear abuse of discretion." *Id.* at 298.

order of court," is not instructive on the issue at hand. This is particularly true in light of the volume of cases issued after *McGhee* (and referenced above) making clear that a court can award attorneys' fees even after a case has been voluntarily dismissed. Satisfied that this Court has subject matter jurisdiction to consider Defendant's Motion, the Court turns to Plaintiff's second argument.

## II.    Application of Florida's Anti-SLAPP Statute

Defendant requests an award of attorneys' fees pursuant to Florida's anti-SLAPP statute. *See generally* DE 26. Florida's anti-SLAPP statute prohibits a person from filing a cause of action that is (a) "without merit" and (b) "primarily" because the defendant "exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). The statute mandates that "[t]he court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." *Id.* § 768.295(4).

Plaintiff argues that the attorneys' fees provision of Florida's anti-SLAPP statute does not make attorneys' fees available in this case and, even if it did, that Defendant is not the "prevailing party" because there was no final adjudication on the merits. DE 27 at 2-4.[5] Plaintiff previously

---

[5] In a footnote in his Response, Plaintiff also suggests for the first time that New York, rather than Florida, law might apply. *See* DE 27 at 3 n.1. ("[A]lthough the parties presumed that Florida law applied, that is not necessarily so."). However, Plaintiff is the one who initially invoked Florida law, DE 1 at ¶¶ 36-39, and continued to argue under Florida law through the briefing on Defendant's Motion to Dismiss, *see* DE 19. Having not raised a choice-of-law issue previously, Plaintiff cannot now raise it here. *Goodnight v. Bos. Sci. Corp.*, No. 18-62370-CIV, 2020 WL 6873737, at *1 (S.D. Fla. Nov. 23, 2020) (denying a choice-of-law motion filed six months after the expiration of the Court's dispositive-motions deadline) ("[I]t's well-settled in this and other circuits that, just as a party may stipulate to the application of a state's legal regime, a party may, through its briefing (or otherwise), waive its choice-of-law arguments implicitly."); *Chavarria v. Intergro, Inc.*, 815 F. App'x 375, 378 (11th Cir. 2020) ("[T]he application of non-forum law can be waived. 'Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide—typically in its complaint or the first motion or response when choice-of-law matters—the sources of non-forum law on which it seeks to rely.'" (quoting *Sun Life Assurance Co. of Canada v. Imperial Premium Fin.*, LLC, 904 F.3d 1197, 1208 (11th Cir. 2018)).

raised his argument that Florida's anti-SLAPP statute does not apply in his Response to Defendant's Motion to Dismiss. DE 17 at 11-12. Judge Martinez considered and rejected this argument in the Order on the Motion to Dismiss. DE 23 at 15-17. In that analysis, Judge Martinez considered the body of federal appellate case law on whether various state anti-SLAPP laws conflict with Federal Rules of Civil Procedure 8, 12, or 56, such that the anti-SLAPP laws were inapplicable in federal court. *Id.* Judge Martinez concluded that unlike the anti-SLAPP laws of Georgia, Texas, California, or the District of Columbia, the Florida anti-SLAPP law does not conflict with the Federal Rules of Civil Procedure, and thus is applicable in federal court. *Id.* In response to Defendant's motion for fees, Plaintiff attempts to raise this issue again by citing to *Nunes v. Lizza*, a case from the United States District Court for the Northern District of Iowa. *See* DE 27 at 2 (citing No. 19-CV-4064-CJW-MAR, 2020 WL 4507326, at * 10 (N.D. Iowa 2020)). In *Nunez*, the court considered the applicability of California's anti-SLAPP statute in federal court. California's statute differs from Florida's, however, and Judge Martinez considered both statutes in his analysis. 2020 WL 4507326, at *10, DE 23 at 17. Having already received a ruling from the District Court that Florida's anti-SLAPP statute is applicable in federal court, Plaintiff cannot now re-litigate the issue before the undersigned magistrate judge. Plaintiff's first argument is therefore rejected.

Plaintiff also argues Florida's anti-SLAPP statute does not provide fees for Defendant because there was no adjudication on the merits such that Defendant is not a "prevailing party" under the statute. DE 27 at 3-4. He contends Defendant did not prevail because he voluntarily dismissed this action. *Id.* Yet the law is clear that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990). *See also Century Const. Corp. v. Koss*, 559 So.2d 611, 612 (Fla. Dist. Ct. App. 1990)

("It is well established that attorney's fees are properly awarded after a voluntary dismissal where such award is provided for by statute or agreement of the parties."); *Bahrakis v. Zimmerman*, No. 19-cv-2948-SCB, 2020 WL 4734929, at \*2 (M.D. Fla. Aug. 14, 2020) ("Defendants contend that they are the prevailing parties as to the Florida claims dismissed without prejudice, because Plaintiffs decided to voluntarily dismiss (rather than amend) their complaint in this Court and this case is now closed. The Court agrees with Defendants that this makes them the prevailing parties as to the Florida claims."); *M&L Rest. Grp., LLC*, 2018 WL 4608256, at \*4.

Moreover, regardless of Plaintiff's dismissal, Judge Martinez adjudicated the merits of Plaintiff's anti-SLAPP claim before Plaintiff filed his dismissal notice. Judge Martinez specifically found both elements of the statute's fee shifting provision satisfied in this case. DE 23 at 13-15. Judge Martinez concluded that Plaintiff's suit is "without merit" because Plaintiff failed to state a claim for defamation, and it arises of out "free speech in connection with a public issue" because it involves a news report on a public figure. DE 23 at 14. As a result, Defendant is the "prevailing party." *Id*. And Judge Martinez found that the statute entitles Defendant to recoup reasonable attorneys' fees and costs and prospectively granted Defendant's Motion for fees under Florida's anti-SLAPP statute. *Id.* at 15, 18. It is of no moment that Judge Martinez granted Defendant's Motion to Dismiss without prejudice, because when a district court dismisses an action against a defendant, even if that dismissal is without prejudice, the defendant is the prevailing party. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014). Accordingly, Defendant is the prevailing party in this case and entitled to fees.

### III. The Amount of Fees

Defendant requests an award of $31,835.00 in attorneys' fees and seeks no costs. DE 26 at 14-16. Defendant maintains that the amount is reasonable given counsels' experience, discounted rates charged, hours worked, and result achieved. *See generally* DE 26. Plaintiff does not address, and thus does not dispute, the reasonableness of the fees sought by Defendant in this case. *See* DE 26; *see also* S.D. Fla. R. 7.3 ("Within fourteen (14) days after service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects." (emphasis added)). Although Plaintiff's failure to address the issue could constitute waiver, *Young Apartments, Inc. v. Town of Jupiter, Fla.*, No. 05-cv-80765, 2011 WL 13173808, at *2 (S.D. Fla. Oct. 13, 2011), *aff'd*, 503 F. App'x 711 (11th Cir. 2013), the undersigned nonetheless briefly considers the reasonableness of Defendant's request. *Cf. Fid. Land Tr. Co., LLC*, 2013 WL 12164707, at *1 ("[T]he Court has a duty to ensure that the request for attorney's fees is reasonable.").

In determining reasonable attorneys' fees, courts apply the lodestar method, taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) (adopting the federal lodestar approach for computing reasonable attorneys' fees). Defendant seeks to recover fees for 91.9 hours' worth of time. DE 26 at 14. This total excludes fees unrelated to litigating Defendant's Motion to Dismiss and Motion to Stay Discovery. *Id.* at 15; DE 26-1 at ¶¶ 14, 15. For example, Defendant excluded time spent on a motion for extension of time, pro *hac vice* motions, and preparing for a scheduling conference. *Id*. Defendant submitted time records in support of the hours claimed, DE 26-5.

The undersigned finds the reduced total of 91.9 hours reasonable. The Motion to Dismiss and its related briefing were highly detailed, thoroughly researched, and addressed complex questions of state and federal law—including a matter of first impression in this Circuit. *See* DE 23 at 15 (noting that the question of whether the fee-shifting provision of Florida's anti-SLAPP statute applies in federal court exercising diversity jurisdiction had never been addressed by the United States Court of Appeals for the Eleventh Circuit). Given the difficulty of the questions presented in this case, the time required to properly represent Defendant, and the result achieved, the total number of hours for which reimbursement is sought is reasonable.

The Motion seeks fees for the work of four individuals from the law firm of Davis Wright Tremaine LLP ("DWT"): Partner Kate Bolger, Senior Associate Adam Lazier, Paralegal Marni Shapiro, and Senior Managing Clerk Trevor Franklin. DE 26 at 9-14. DWT has received national acclaim for its expertise in media law. *Id.* at 9, DE 26-1 at ¶ 3. Ms. Bolger has more than 20 years of media litigation experience, has earned state and national recognition for her work, and is an adjunct professor at Fordham Law School in New York City, New York. DE 26-1 at ¶ 5; DE 26-2. Mr. Lazier has nine years of experience practicing media and defamation law, during which time he has handled many complex, high-profile defamation and First Amendment cases. DE 26-3. Ms. Shapiro has more than 40 years of experience working as a paralegal. DE 26-4. All four individuals charged a discounted hourly rate for the work performed in this case. *See* DE 26 at 11. Ms. Bolger's discounted hourly rate charged was $450/hour and Mr. Lazier's was $350/hour—both approximately 60 percent of the attorneys' standard rates. Work performed by both Ms. Shaprio and Mr. Franklin was billed at $150/hour—less than half of their standard rates. *Id.* Considering the reputation of defense counsel, the depth of their specialized experience, and the rates awarded to comparable attorneys in similar cases in South Florida, the discounted rates

charged in this case are reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."). *See, e.g., Parekh v. CBS Corp.*, No. 18-cv-466-ORL, 2019 WL 2230075, at *4 (M.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, 2019 WL 2225851, *aff'd*, 820 F. App'x 827 (11th Cir. 2020) (awarding a total of a total of $139,974.24 in attorneys' fees under Florida's anti-SLAPP statute at a rate of $375/hour for a partner and $275/hour for a senior associate); *CBS Broad., Inc. v. Browning*, No. 06-22463-CIV, 2007 WL 2850527, at *3,*7 (S.D. Fla. Sept. 21, 2007) (adopting an award of $171,750.50 for attorneys' fees at a rate of $550/hour for a partner and $375/hour for a senior associate in First Amendment litigation).

Having reviewed the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rates of the professionals involved, the undersigned recommends Defendant be awarded the full sum of fees requested: $31,835.00.

## CONCLUSION

**ACCORDINGLY**, this Court respectfully recommends that Defendant's Motion for Attorneys' Fees and Costs (DE 26) be **GRANTED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988). Conversely if a party does not intend to object to this Report and Recommendation, then

that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 9th day of February, 2021.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE