UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 19-14472-CIV-MARTINEZ

DAN BONGINO                      )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )
                                 )
THE DAILY BEAST                  )
        COMPANY, LLC             )
                                 )
        Defendant.               )
                                 )

# OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Dan Bongino, by counsel, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 4(a)(1) of the Court's Magistrate Judge Rules, respectfully serves and files these Objections to the Report and Recommendation ("R&R") of the United States Magistrate Judge [*ECF No. 26*], and appeals the Magistrate Judge's recommendation to grant defendant's motion for attorney's fees pursuant to Florida's anti-SLAPP statute.

Plaintiff objects to the R&R for the following reasons:

1.  The R&R, p. 2, concludes that the Article "does not state or even insinuate that Plaintiff was terminated for cause, but instead explains his departure was related to corporate downsizing". Although the R&R correctly summarizes the District Court's ruling on Defendant's motion to dismiss, the District Court erred in finding that the Article is not capable of a defamatory meaning. *Compare Hallett v. Stuart Dean Co.*,

1

2021 WL 405831, at * 15-16 (S.D.N.Y. 2021) ("polite, circumspect letter" that stated plaintiff "will step down from his position effective immediately" could not be construed to contain "an insinuation that the dismissal was for some misconduct"); *Meredith v. Nestle Purina Petcare Company*, 2021 WL 357366, at * 9 (E.D. Va. 2021) ("a reasonable listener could plausibly believe that Defendant fired Plaintiff[] because she sabotaged Defendant's products."); *Santagata v. MiniLuxe, Inc.*, 2020 WL 2322851, at * 6 (D. R.I. 2020) ("Here, where customers were told that Plaintiff was no longer working at the salon – but not that she was fired – there was no underlying implication of a defamatory fact, as the customers could have believed she voluntarily left."). Since the Article in this case is capable of a defamatory meaning, defendant's anti-SLAPP motion for attorney's fees should have been denied.

2.	The R&R incorrectly finds that the Court has judicial power under Article III, § 2 of the United States Constitution to consider Defendant's motion. Article III, § 2 extends the judicial power of the Unite States and its District Courts to "Cases" and "Controversies". On August 6, 2020, the District Court entered an Order granting Defendant's motion to dismiss with leave to amend and "prospectively" granting Defendant's motion to recover costs and fees under Florida's anti-SLAPP statute. Because the Court permitted Plaintiff an opportunity to amend, the Court held off on a final ruling on the matter. [*ECF No. 23*]. On August 10, 2020, Plaintiff timely filed notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. On August 11, 2020, the Court entered a Final Order of Dismissal, in which the Court denied **<u>all</u>** pending motions as moot, and closed the case. [*ECF No. 25*]. Defendant failed to appeal or otherwise seek reconsideration of the Court's Final Order

of Dismissal. Because the District Court denied Defendants' motion as moot, the R&R should have concluded that the Court lacked authority under Article III, § 2 to consider an award of fees because there was no Case or Controversy before the Court.

3. Plaintiff had an "absolute" right to voluntarily dismiss the case pursuant to Rule 41(a)(1)(A)(i), which he exercised prior to the Court's final ruling on Defendant's motion to recover fees under Florida's anti-SLAPP law. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."). The District Court was divested of subject matter jurisdiction upon Plaintiff's filing of the notice of voluntary dismissal. *See Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play … There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone."). The R&R incorrectly determined that the Court had subject matter jurisdiction to consider Defendant's motion.

4. The R&R incorrectly applied Florida law in this diversity action. In Florida, the "most significant relationship" test determines the applicable law by considering the contacts listed in the Restatement (Second) of Conflict of Laws. *See, e.g., Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Those contacts "include": (a) where the injury occurred, (b) where the conduct causing the injury occurred, (c) the "domicil, residence, nationality, place of incorporation and place of business of the parties", and (d) where the parties' "relationship, if any, … is centered." Restatement (Second) of Conflict of Laws § 145(2).

In this case, New York law applies. The reporting and editing was done from New York. The article is about events that took place in New York—*i.e.*, Plaintiff's employment and termination by NRATV. Daily Beast is headquartered in New York. Correspondent Lachlan Markay lives in New York and reported the story from New York. Florida's anti-SLAPP law does not apply. *See Frey v. Minter*, 829 Fed.Appx. 432, 435-436 (11th Cir. 2020) ("the conduct causing the injury occurred in Georgia because the statements were made in Georgia by a Georgia resident and, again, the local newspaper's principal circulation is in Georgia. As to the third factor—the residence of the parties—Mr. Frey is a Florida resident, but Mr. Minter resides in Georgia and Mr. Blach resides in Alabama. This factor is a tie at best. In any event, the residency factor carries less weight here because the issues and circumstances of this case are centered in Georgia."); *see also Kesner v. Dow Jones & Company, Inc.*, 2021 WL 256949, at * 9-10 (S.D.N.Y. 2021) ("the defendants have strong ties to New York and limited ones to Florida. Buhl is domiciled in New York, and *Barron's* maintains its principal place of business is New York. Alpert is domiciled in New Jersey but works for *Barron's* in New York. Where authors accused of defamation are located in New York and the publishing entity is headquartered in New York, New York has a strong interest in the case … Accordingly, although Kesner is today domiciled in Florida, all other factors favor New York, which, the Court finds, has by far the most significant relationship to this case.").

5. The R&R incorrectly found that attorney's fees may be awarded in a diversity action upon dismissal of Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant moved to dismiss Plaintiff's initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [*ECF No. 16*]. Florida's

anti-SLAPP statute, Fla. Stat. § 768.295(4), does not purport to make attorney's fees available to parties who obtain dismissal pursuant to the Federal Rules of Civil Procedure. Therefore, attorney's fees under the Florida anti-SLAPP Act are not available to the Defendant in this diversity case. *See Nunes v. Lizza*, 2020 WL 4507326, at * 10 (N.D. Iowa 2020) (citing *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1337 fn. 5 (D.C. Cir. 2015)).

6. Finally, § 768.295(4) states that the Court "shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed *in violation of this section*." (Emphasis added). Thus, a final adjudication of the merits of the Defendant's anti-SLAPP motion is an essential predicate to ruling on the Defendant's request for an award of fees. Otherwise, Plaintiff's voluntary dismissal of the action could have the effect of entitling the Defendant to fees in an action which was dismissed by the Plaintiff for entirely legitimate reasons. In this case, for instance, Defendants argued that Plaintiff failed to comply with the procedural requirements of Fla Stat, § 770.01. Voluntary dismissal in order to achieve compliance with § 770.01 is an entirely legitimate purpose that has nothing to do with the probability of success on the merits of Plaintiff's defamation claim or the merits of Defendant's anti-SLAPP Motion. Here, the Plaintiff exercised his absolute right to dismiss this action prior to amendment and prior to a final ruling on the merits of the case, including Defendant's anti-SLAPP defense. The ultimate success of Defendant's anti-SLAPP motion was dependent on the Court ruling that an amended complaint failed to state a claim of defamation under Federal Rule 12(b)(6). That eventuality was rendered impossible when Plaintiff dismissed his claims. *See NSS Labs, Inc. v. Symantec Corporation*, 2020 WL 1929338, at

\* 2 (N.D. Cal. 2020) (motion to strike was expressly dependent on a contingency that never came to pass). Under these circumstances, the Defendant is not the "prevailing party" and, therefore, the R&R erred when it recommended granting Defendants' motion for anti-SLAPP attorneys' fees.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the District Court to review the matter de novo, and reject the R&R in whole.

DAN BONGINO

By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      Robert C. Buschel, Esq.
      Florida Bar No. 0063436
      BUSCHEL GIBBONS, P.A.
      One Financial Plaza
      100 S.E. Third Avenue, Suite 1300
      Fort Lauderdale, Florida 33394
      Tele: (954) 530-5301
      Buschel@BGlaw-pa.com

      *Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:    (804) 501-8272
Facsimile:     (202) 318-4098
Email:            **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Robert C. Buschel, Esq.
Florida Bar No. 0063436
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
**Buschel@BGlaw-pa.com**

*Counsel for the Plaintiff*