IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 19-cv-14472-JEM

DAN BONGINO,

  Plaintiff,

vs.

THE DAILY BEAST COMPANY, LLC,

  Defendant.
_____/

### DEFENDANT THE DAILY BEAST COMPANY, LLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION AWARDING ATTORNEYS' FEES

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Defendant The Daily Beast Company, LLC respectfully submits this response to Plaintiff Dan Bongino's objection to the Magistrate Judge's Report and Recommendation recommending that this Court grant The Daily Beast's motion for attorneys' fees.

### INTRODUCTION

Plaintiff Dan Bongino's objection raises just one issue: whether The Daily Beast is entitled to attorneys' fees under the Florida anti-SLAPP law as the "prevailing party" in this case. But Bongino all but ignores the most important fact: this Court has already ruled that his meritless Complaint in this action violated the Florida anti-SLAPP law, and that "[t]he statute therefore entitles Defendant to recoup reasonable attorneys' fees and costs." ECF No. 23 (the "MTD Order") at 14-15. In confirming that The Daily Beast is entitled to an award of attorneys' fees under that statute, the Magistrate simply applied that decision.

Instead of responding to the Magistrate's analysis, Bongino's objection does exactly what courts have found to be improper: he "rehash[es] the same arguments and positions taken in [his]

original papers submitted to the Magistrate Judge," without addressing the Magistrate's reasons for rejecting those arguments. *See Rincon v. Miami-Dade Cty.*, 2020 WL 6536417, at *1 (S.D. Fla. Nov. 6, 2020). Indeed, much of his objection actually just seeks to re-litigate this Court's prior decision on the motion to dismiss. Such a collateral attack is barred by the law-of-the-case doctrine, and in any event Bongino cannot come up with any reason to reconsider this Court's earlier holdings. Bongino's remaining objections boil down to the claim that The Daily Beast is no longer entitled to fees because, *after* this Court dismissed his Complaint, he himself "voluntarily dismissed" it. The Magistrate readily dismissed this obvious procedural gambit, correctly finding that it has no legal basis. Not only does a federal court clearly have the jurisdiction to award attorneys' fees after a case is dismissed, but Florida courts recognize that a plaintiff's voluntary dismissal affirmatively renders the defendant the prevailing party for purposes of attorneys' fees.

This Court should therefore adopt the Magistrate's recommendation in full, and grant The Daily Beast attorneys' fees in the amount of $31,835.

## FACTUAL BACKGROUND

Bongino commenced this action on December 10, 2019, alleging that The Daily Beast had defamed him by publishing an article stating that NRATV had "dropped" his show as part of the NRA's "downsizing its media operation." ECF No. 1 ("Compl."). Bongino brought claims against The Daily Beast for defamation, commercial disparagement, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Compl. ¶¶ 16, 22-39.

### A.     This Court dismisses the case and prospectively grants The Daily Beast's fees motion

On January 31, 2020, The Daily Beast moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and the Florida anti-SLAPP law. *See* ECF No. 16. On August 6, 2020, this Court granted The Daily Beast's motion, ruling that all three of Bongino's claims failed to

2

state a claim as a matter of law.  Bongino's defamation claim failed because he had not complied with a Florida statute requiring five days' pre-suit notice and because The Daily Beast's article was not defamatory, and his commercial disparagement and FDUTPA claims were barred by Florida's single-action doctrine as derivative of his failed defamation claim.  MTD Order at 4-13.  Instead of dismissing the case outright, the Court gave Bongino "a final opportunity" to file an Amended Complaint addressing the deficiencies in his original pleading, noting that failure to do so would result in the closing of the case.  *Id.* at 18.

This Court went on to address the Florida anti-SLAPP law.  It held that Bongino's lawsuit violated the statute because it arose out of The Daily Beast's news reporting and "was without merit," which meant that "[t]he statute therefore entitles Defendant to recoup reasonable attorneys' fees."  *Id*. at 14-15.  The Court rejected Bongino's argument that the statute conflicts with the Federal Rules of Civil Procedure, concluding that because "Florida's statute is a garden variety fee shifting provision," it "does not 'answer the same question' as the Federal Rules."  *Id.* at 15-16.  The Court therefore "prospectively granted" The Daily Beast's motion to recover its attorneys' fees under Florida's anti-SLAPP law "as to its applicability in this federal case and Defendant's entitlement to such fees based on Plaintiff's initial Complaint."  *Id.* at 18.  The Court noted, however, that because it was "permitting Plaintiff one final opportunity to amend" his Complaint, it would "hold off on a final ruling on the matter," and that "Defendant may file an appropriate motion pursuant to this Order at the close of the case."  *Id.*

Instead of availing himself of that opportunity to amend, Bongino filed a Notice of Voluntary Dismissal four days later, purporting to "voluntarily" dismiss the case without prejudice—exactly what this Court had already ordered over his opposition.  *See* ECF No. 24.  The next day, the Court dismissed the case without prejudice and closed it.  *See* ECF No. 25.

### B. The Magistrate Judge recommends granting The Daily Beast's fees motion

Having reached "the close of the case," The Daily Beast then filed its fees motion pursuant to this Court's direction in the MTD Order. In accordance with Local Rule 7.3(b)'s requirement that the parties "confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses," The Daily Beast served a copy of the motion on counsel for Bongino on September 3, 2020. ECF No. 26-1 ¶ 20. Despite repeated requests from The Daily Beast, Bongino's counsel never responded. *See id.* ¶¶ 20-22. Bongino also failed to serve any response "describ[ing] in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and…provid[ing] supporting legal authority" as that Local Rule also requires. The Daily Beast thereupon filed its fees motion on October 5, 2020.

This Court referred the motion to Magistrate Judge Shaniek M. Maynard, ECF No. 28, and on February 9, 2021, Judge Maynard issued a Report and Recommendation recommending that The Daily Beast's fees motion be granted in full. ECF No. 30 ("R&R"). Bongino's principal contention before Judge Maynard was that his voluntary dismissal allowed him to escape having to pay The Daily Beast's attorneys' fees – either because it divested the Court of subject-matter jurisdiction, or because it meant The Daily Beast was not a "prevailing party." *See* ECF No. 27 at 1-4. The Magistrate squarely rejected this contention, holding that a district court has jurisdiction to award attorneys' fees after a case has been voluntarily dismissed, R&R at 4-6, and that The Daily Beast was the prevailing party under the anti-SLAPP law both because "the law is clear that 'when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party,'" and because "regardless of Plaintiff's dismissal, Judge Martinez adjudicated the merits of Plaintiff's anti-SLAPP claim before Plaintiff filed his dismissal notice." R&R at 7-8 (citation omitted).

4

The Magistrate went on to hold that the $31,835 in fees sought by The Daily Beast was reasonable. Not only did the amount of time spent on the case reflect the complexity of the motion to dismiss, but counsel's discounted hourly rates were reasonable in light of "the reputation of defense counsel, the depth of their specialized experience, and the rates awarded to comparable attorneys in similar cases in South Florida." R&R at 10-11.

On February 23 2021, Bongino filed an objection to the Magistrate's Report and Recommendation.

## ARGUMENT

This Court set out the legal standard for awarding fees under the anti-SLAPP law in its MTD Order. "Florida's anti-SLAPP law prohibits a person from filing a cause of action that is (a) 'without merit' and (b) 'primarily' because the person against whom the suit was filed exercised the constitutional right of free speech in connection with a public issue." MTD Order at 14 (citing Fla. Stat. § 768.295(3)).[1] The statute provides that a "court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4). When a plaintiff violates the statute, "an award of reasonable attorneys' fees and costs is mandatory." *Vibe Ener v. Duckenfield*, 2020 WL 6373419, at *5 (S.D. Fla. Sept. 29, 2020), *appeal docketed*, No. 20-14036 (11th Cir. filed Oct. 28, 2020). Bongino's objection does not dispute that his lawsuit arose primarily out of The Daily Beast's protected speech in connection with a public issue, or that fee-shifting is a mandatory consequence of violating the statute. The only question raised by his

---

[1] The latter requirement "includes any written statement protected under applicable law and made in connection with a news report." MTD Order at 14 (citing Fla. Stat. § 768.295(2)(a)).

objection is whether The Daily Beast has prevailed in establishing that his lawsuit was "without merit" under the statute.

### A.  Standard of review

Without citing any authority, Bongino asserts in passing that this Court should review the R&R *de novo*.  Obj. at 6.  But the *de novo* standard only applies if the objecting party "pinpoint[s] the specific findings that the party disagrees with." *United States v. Bain*, 2021 WL 274452, at *1 (S.D. Fla. Jan. 27, 2021) (citation omitted).  Where objections "simply rehash or reiterate the original briefs to the magistrate judge," they are reviewed only for clear error. *Prather v. NCL (Bahamas) Ltd.*, 2020 WL 4381412, at *2 (S.D. Fla. July 31, 2020).  Bongino's objection here falls far short of "pinpoint[ing] the specific findings that [he] disagrees with" in the R&R.  It just repeats the arguments Bongino made to the Magistrate, without mentioning – much less responding to – the Magistrate's reasons for rejecting those arguments.  The clear error standard therefore applies.

Ultimately, however, the standard of review makes no difference here.  The Magistrate's well-reasoned recommendation is plainly correct and should be adopted under either standard.

### B.  Bongino may not re-litigate the MTD Order

Three of Bongino's objections seek to re-litigate issues this Court squarely decided more than six months ago in the MTD Order: whether the Daily Beast article at issue in this case is defamatory, whether Florida law applies to this case, and whether the Florida anti-SLAPP law applies in federal court.

Bongino's belated challenges to the MTD Order are barred by the law-of-the-case doctrine, which provides that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of

the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1561 (11th Cir. 1997) (citation omitted). If Bongino disagreed with the MTD Order, he had every right to wait for the Court to enter final judgment and then appeal. *See* MTD Order at 18 ("Failure to amend by August 20, 2020 shall result in the closing of this case."). But he chose to dismiss his case instead. He may not now use The Daily Beast's fees motion to launch a collateral attack against the MTD Order.

Even if Bongino were not barred from seeking reconsideration of the MTD Order, however, there is no basis for deviating from the Court's prior holdings. Those holdings were correct last August, and they remain so today.

1) Bongino's action lacked merit. Bongino argues that this Court "erred in finding [in the MTD Order] that the Article is not capable of a defamatory meaning." Obj. at 1. But the cases he cites do not support that at all. Two of them actually confirm that this Court's holding that the article at issue did not defame Bongino, MTD Order at 9, was correct. *See Hallett v. Stuart Dean Co.*, --- F. Supp. 3d ----, 2021 WL 405831, at *15-16 (S.D.N.Y. Feb. 5, 2021) (letter stating that plaintiff "will step down from his position effective immediately" was not defamatory); *Santagata v. Miniluxe, Inc.*, 2020 WL 2322851, at *6 (D.R.I. May 11, 2020) (statement that plaintiff "no longer worked for the company" was not defamatory). In Bongino's third case, the defendant had claimed that the plaintiff was fired for cause and might sabotage her new employer's products. *Meredith v. Nestle Purina Petcare Co.*, 2021 WL 357366 (E.D. Va. Feb. 2, 2021). That is a far cry from the facts of this case, where the Court found – and Bongino's objection does not contest – that "even a cursory review reveals that nowhere in the article does it state that Plaintiff was fired – much less that he was fired for cause." MTD Order at 8. Bongino's lawsuit therefore "was without merit under Florida Statute § 768.295(3)," MTD Order at 14, and thus the Magistrate's

7

conclusion that he violated the anti-SLAPP law was correct.

2) <u>Florida law applies.</u> In a transparent attempt to escape the application of the anti-SLAPP law, Bongino argues that this case is actually governed by New York law. Obj. at 3-4. The Magistrate had no difficulty rejecting this argument, correctly holding that Bongino had waived any choice of law argument. R&R at 6 n.5. Bongino himself repeatedly chose to invoke Florida law – when he filed this lawsuit in Florida, purported to serve pre-suit notice under Florida law, and repeatedly relied on Florida law both in his Complaint (which included a claim under the Florida Deceptive and Unfair Trade Practices Act) and in opposition to The Daily Beast's motion to dismiss. *See, e.g.*, ECF No. 1 ¶¶ 10-11, 20, 33, 36-39; ECF No. 19 at 3-10; *see, e.g.*, *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1208 (11th Cir. 2018) ("Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide – typically in its complaint or the first motion or response when choice-of-law matters – the sources of non-forum law on which it seeks to rely."). Bongino's objection ignores the Magistrate's waiver holding entirely, and just rehashes the argument he made below. It should be rejected for the same reasons.

3) <u>The Florida anti-SLAPP law applies in federal court.</u> Bongino also seeks to revive his argument that the Florida anti-SLAPP law's fee-shifting provision conflicts with the Federal Rules of Civil Procedure. Obj. at 4-5. This is another issue the Court addressed at length in the MTD Order. MTD Order at 15-16. Just last month, another court in this District reached the same conclusion, with Judge Ruiz echoing this Court's holding that the anti-SLAPP law is a "a garden variety fee shifting provision" that applies in federal court. *Corsi v. Newsmax Media, Inc.*, --- F. Supp. 3d ----, 2021 WL 626855, at *12 (S.D. Fla. Feb. 12, 2021) (citing MTD Order at 16), *appeal docketed*, No. 21-10480 (11th Cir. Feb. 16, 2021).

Bongino's objection says nothing about Judge Ruiz's decision, but cites *Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa Aug. 5, 2020), *appeal docketed*, No. 20-2710 (8th Cir. Aug. 17, 2020), a case holding that the *California* anti-SLAPP law does not apply in federal court. As the Magistrate pointed out in dismissing Bongino's reliance on *Lizza*, "California's statute differs from Florida's, however, and Judge Martinez considered both statutes in his analysis." R&R at 7; *see* MTD Order at 15 (holding that certain anti-SLAPP laws including California's "conflict with the Federal Rules of Civil Procedure because they raise the bar for a plaintiff to overcome a pretrial dismissal motion. . . . Not so for Florida's anti-SLAPP statute.") (internal citations omitted). Bongino offers no response to this.[2]

### C. Bongino's voluntary dismissal does not exempt him from the anti-SLAPP law

Bongino's remaining objections argue that his voluntary dismissal of following the MTD Order somehow allows him to escape the anti-SLAPP law's fee-shifting rules. As the Magistrate correctly recognized, this argument defies both settled law and common sense.

1)      <u>This Court has subject-matter jurisdiction.</u>  Bongino first claims that the "R&R incorrectly finds that the Court has judicial power under Article III, § 2 of the United States Constitution to consider Defendant's motion." Obj. at 2. As he did before the Magistrate, Bongino

---

[2] Bongino also claims that the Florida anti-SLAPP law must not apply in federal court because it does not explicitly "purport[] to make attorney's fees available to parties who obtain dismissal pursuant to the Federal Rules of Civil Procedure." Obj. at 5. But it is hard to imagine a state law that would satisfy this test, and the Eleventh Circuit has never suggested that a state fee-shifting statute must specifically refer to the Federal Rules of Civil Procedure if it is to apply in federal court – in fact, it has often applied state attorneys' fees statutes that, not surprisingly, do not refer to the Federal Rules. *See, e.g.*, *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011); *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2001). As this Court previously observed, what matters is that the Florida anti-SLAPP law does not tie fee-shifting to any particular procedure for dismissal in either the state or federal rules, which allows it to "fuse[] with Rules 8, 12, and 56 by entitling the prevailing party to fees and costs if, after invoking the devices set forth by those rules, a court finds an action is 'without merit' and thus prohibited." MTD Order at 16; *accord Corsi*, 2021 WL 626855, at *12.

9

argues that his mere filing of a notice of voluntary dismissal "divested" the Court of jurisdiction over attorneys' fees. Obj. at 3. Bongino simply has the law wrong: in fact, it is clear that "a federal court retains jurisdiction over collateral issues – including motions for attorney's fees – after a complaint is dismissed." *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014); *see also, e.g.*, *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("[V]oluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) does not deprive a district court of authority to award costs"); *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) ("Thus, 'after a voluntary dismissal by [the] plaintiff the trial court does have jurisdiction to award attorney's fees where the fees are authorized by statute or a contract between the parties.'") (citation omitted). The Magistrate recognized this, and cited several cases in which courts in this Circuit have awarded attorneys' fees following voluntary dismissals. R&R at 4-6.

Bongino makes no effort to respond to this authority, and fails to cite a single case in which a court, after a voluntary dismissal, has declined to award fees for lack of subject-matter jurisdiction. He instead relies on the same case he cited before the Magistrate, *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963). The Magistrate observed that *McGhee* "is not instructive on the issue at hand" in light of subsequent caselaw and because that case "did not involve a court's subject matter jurisdiction over a motion filed after a voluntary dismissal, let alone a motion for attorneys' fees. Instead, *McGhee* considered whether a voluntary dismissal by court order entered under Federal Rule of Civil Procedure 41(a)(2) counts against the limit on voluntary dismissals included in Rule 41(a)(1)." R&R at 5-6. Bongino ignores the Magistrate's

10

distinguishing analysis in his objection.[3]

Bongino also suggests that the Court has no jurisdiction over the fees motion because this Court's final order of dismissal supposedly "denied Defendants' motion as moot." Obj. at 2-3. That too is incorrect: the dismissal order denied "[a]ll *pending motions* in this case" as moot, ECF No. 25 (emphasis added), but this motion was not pending at the time. It was not filed until several weeks later, as required by the Local Rules.

2) The Daily Beast is the prevailing party in this case. Bongino argues that his voluntary dismissal of this case means that The Daily Beast is not the prevailing party under the anti-SLAPP law. Obj. at 5-6. This is wrong for two independent reasons.

The first reason is that Bongino's voluntary dismissal came after this Court had already dismissed his Complaint on the merits and expressly found it to violate the anti-SLAPP law. *See* MTD Order at 14. As the Eleventh Circuit has recognized, dismissal for failure to state a claim leaves the defendant the prevailing party for fees purposes, regardless of whether the court gives the plaintiff an opportunity to replead. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801-02 & n.6 (11th Cir. 2014). Even if, hypothetically, Bongino had successfully attempted to amend his Complaint to state a claim, that would not have changed the fact that he violated the anti-SLAPP law by filing his original meritless Complaint. Here, of course, Bongino did not even try, effectively conceding that the defects in his Complaint could not be cured.

---

[3] Bongino also relies on language from another older Fifth Circuit case to the effect that "a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." Obj. at 3 (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). But the issue here is not whether Bongino had a right to dismiss the case – he did dismiss it. *Carter* does not suggest he is immune from the consequences of doing so after bringing a meritless lawsuit.

But even if this Court had not reached the merits of the case, The Daily Beast would still be the prevailing party because "Florida courts hold that when a plaintiff files a voluntary dismissal, the defendant becomes the prevailing party for purposes of entitlement to attorneys' fees" – a rule which applies to Rule 41 voluntary dismissals in diversity cases like this one. *Shave v. Stanford Fin. Grp., Inc.*, 2008 WL 3200705, at *1 (S.D. Fla. Aug. 6, 2008) (citing *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990)) (awarding defendant attorneys' fees following plaintiff's voluntary dismissal); *accord Bahrakis v. Zimmerman*, 2020 WL 4734929, at *2 (M.D. Fla. Aug. 14, 2020) (same); *Shelton v. Schar*, 2018 WL 3636698, at *2 (M.D. Fla. Apr. 23, 2018) (same); *M&L Rest. Grp.*, 2018 WL 4608256, at *4 (same); *Stile v. Albanese-Popkin The Oaks Dev. Grp., L.P.*, 2011 WL 13272532, at *1 (S.D. Fla. Mar. 31, 2011) (same); *Nukote Int'l, Inc. v. Office Depot, Inc.*, 2010 WL 4942838, at *2 (S.D. Fla. Nov. 30, 2010) (same); *Herbst v. N. Ocean Condos, L.P.*, 2009 WL 2257827, at *1 (S.D. Fla. July 29, 2009) (same).

This principle is particularly significant in the context of the anti-SLAPP law, because permitting Bongino to circumvent its fee-shifting rules through procedural gamesmanship would undermine what this Court has called the statute's "fundamental state policy" of "deterring SLAPP suits." MTD Order at 16.  Bongino's interpretation would render the fee-shifting provision all but meaningless by allowing "SLAPP plaintiffs [to] achieve most of their objective with little risk – by filing a SLAPP suit, forcing the defendant to incur the effort and expense of preparing a [motion], then dismissing the action without prejudice." *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1040-41 (S.D. Cal. 2017) (holding that plaintiff who voluntarily dismissed case was liable for fees under California anti-SLAPP law) (citation omitted).

The Magistrate recognized both of these independent grounds, holding that The Daily Beast was the prevailing party both because "regardless of Plaintiff's dismissal, Judge Martinez

adjudicated the merits of [The Daily Beast's] anti-SLAPP claim before Plaintiff filed his dismissal notice," and because "the law is clear that 'when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party.'" R&R at 7-8 (citation omitted). Instead of addressing either point in his objection, Bongino invokes supposed conditions – like the claim that "[t]he ultimate success of Defendant's anti-SLAPP motion was dependent on the Court ruling that an amended complaint failed to state a claim," Obj. at 5 – that he has made out of whole cloth. All the anti-SLAPP law requires is that The Daily Beast has "prevailed" on its "claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4). As this Court recognized in the MTD Order, that requirement is satisfied here. MTD Order at 14-15. The Daily Beast is therefore entitled to reasonable attorneys' fees.

### D. The amount of fees awarded by the Magistrate is reasonable

Finally, the Magistrate's fee award of $31,835, reflecting the full amount sought by The Daily Beast, was reasonable and should be adopted as well. As an initial matter, Bongino has repeatedly waived any objection to the amount of fees sought by The Daily Beast and awarded by the Magistrate – by refusing to participate in the conferral process mandated by Local Rule 7.3, by not disputing the amount sought by The Daily Beast before the Magistrate, and then again by not challenging the Magistrate's award in his objection to this Court. *See, e.g.*, *Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) ("The Court is not so lenient when a party flippantly disregards the Local Rules – especially rules that are designed to conserve the Court's resources – and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b)."); *Starks v. United States*, 2010 WL 4192875, at *3 (S.D. Fla. 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation."); *Vavrus v.*

*Russo*, 243 F. App'x 561, 564 (11th Cir. 2007) (affirming amount of fees awarded by lower court because opposing party did not challenge it). That alone is reason enough to adopt this aspect of the Magistrate's decision.

In any event, the Magistrate correctly found that The Daily Beast's fees request – reflecting a total of 91.9 hours work at a rate of $450/hour for Davis Wright Tremaine LLP ("DWT") partner Kate Bolger and $350/hour for DWT senior associate Adam Lazier[4] – was reasonable. Courts in the Eleventh Circuit use the "lodestar method" to a calculate a reasonable attorney's fee, under which a court "multipl[ies] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). As the Magistrate noted, The Daily Beast excluded from its fees request work that was unrelated to the motion to dismiss as well as all costs, and provided the court with detailed billing records documenting its request. R&R at 10-12; ECF No. 26-1 ¶¶ 14-15; ECF No. 26-5. Its experienced counsel – both of whom specialize in media and defamation law – also heavily discounted their standard hourly rates for this matter. R&R at 10; ECF No. 26-1 ¶¶ 5, 6, and 9. Counsel's hourly rates as well as the total amount of fees sought are both consistent with – if not below – what other courts have held to be reasonable in cases like this one. *See* R&R at 11 (citing cases). In fact, the amount sought here pales in comparison to the award of nearly $140,000 under the anti-SLAPP law recently affirmed by the Eleventh Circuit, following dismissal of a defamation case on a motion to dismiss. *See Parekh v.*

---

[4] In total, The Daily Beast seeks reimbursement for 15.9 hours billed by DWT partner Kate Bolger, who has more than twenty years of media law litigation experience, at a rate of $450 per hour (discounted from her standard rates of $710 in 2019 and $755 in 2020); 66.4 hours billed by DWT senior associate Adam Lazier, who has nine years of media law litigation experience, at a rate of $350 per hour (discounted from his standard rate of $595 per hour); 9 hours billed by paralegal Marni Shapiro at a rate of $150 per hour (discounted from her standard rates of $380 in 2019 and $400 in 2020); and 0.6 hours billed by senior managing clerk Trevor Franklin at a rate of $150 per hour (discounted from his standard rates of $320 in 2019 and $340 in 2020). *See* ECF No. 26-1 ¶¶ 5, 6, 9, 10, 14.

*CBS Corp.*, 820 F. App'x 827 (11th Cir. 2020), *aff'g*, 2019 WL 2230075 (M.D. Fla. Feb. 13, 2019); *see also, e.g.*, *CBS Broad., Inc. v. Browning*, 2007 WL 2850527, at *6-11 (S.D. Fla. Sept. 21, 2007) (awarding successful plaintiff a total of $171,750.50 in attorneys' fees for First Amendment litigation, and finding that hourly rates of $550 for partner and $375 for senior associate were reasonable); *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 848 (11th Cir. 2018) (affirming district court's finding in trademark case that attorneys' hourly rates of $650 and $425 were reasonable).[5]

On this issue as well, the Magistrate's recommendation should therefore be adopted.

## CONCLUSION

For the foregoing reasons, The Daily Beast respectfully requests that this Court adopt Magistrate Judge Maynard's report and recommendation in full.

Dated: March 9, 2021

Respectfully submitted,

/s/ *Roy Black*
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

Katherine M. Bolger (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Davis Wright Tremaine LLP

---

[5] A prominent legal blog reporting on the R&R termed the requested fee award of $31,835 "a ridiculously low figure for 91 hours of work from Davis Wright Tremaine LLP." *See* Elizabeth Dye, *Federal Court Confirms That Dan Bongino Is A Total Loser, Orders Fees In Daily Beast SLAPP Suit*, Above the Law (Feb. 9, 2021), available at https://abovethelaw.com/2021/02/federal-court-confirms-that-dan-bongino-is-a-total-loser-orders-fees-in-daily-beast-slapp-suit/.

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on March 9, 2021, a true and correct copy of the foregoing was served via electronic mail on all counsel of record, upon the filing of the foregoing with the Court's ECF system.

>                                            */s/ Jared Lopez*
>                                            Jared Lopez