UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**Case Number:  19-14472-CIV-MARTINEZ-MAYNARD**

DAN BONGINO,

      Plaintiff,

vs.

THE DAILY BEAST COMPANY,

      Defendant.

_____/

## <u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

THIS MATTER was referred to the Honorable Shaniek M. Maynard, United States Magistrate Judge, for a Report and Recommendation on Defendant's Motion for Attorneys' Fees and Incorporated Memorandum of Law, [ECF Nos. 26, 28]. Magistrate Judge Maynard filed the Report and Recommendation, [ECF No. 30], recommending that Defendant's Motion be granted, and Defendant be awarded its requested attorneys' fees in full. Plaintiff timely filed Objections to the Report, [ECF No. 33], to which Defendant has responded, [ECF No. 34].

Plaintiff's Objections are three-fold: (1) the Court was incorrect in its determination that Florida's anti-SLAPP statute applies in federal court; (2) the Court was divested of jurisdiction upon Plaintiff's filing of the Notice of Voluntary Dismissal; and (3) Defendant is not the prevailing party within the meaning contemplated by the anti-SLAPP statute.

First, Plaintiff cannot rehash arguments already determined in the Court's Order on the Motion to Dismiss. Absent a prevailing motion for reconsideration on the issue, his arguments are barred by the law-of-the-case doctrine, which provides that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation." *United States v. Escobar-Urrego*, 110 F.3d

1556, 1561 (11th Cir. 1997) (internal citation omitted). The Court also notes that courts in the Southern District of Florida have either cited to the Court's decision favorably or have similarly agreed that Florida's anti-SLAPP statute can apply in a federal diversity matter. *See Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021); *Isaac v. Twitter, Inc.*, No. 21-cv-20684-Bloom, 2021 WL 3860654, at *6–7 (S.D. Fla. Aug. 30, 2021); *Vibe Ener v. Duckenfield*, No. 20-cv-22886-UU, 2020 WL 6373419, at *4–5 (S.D. Fla. Sept. 29, 2020). As such, the Court will not diverge from its prior holding.[1]

Second, as Judge Maynard's analysis highlights, a federal court retains jurisdiction over collateral issues—including motions for attorneys' fees—after a complaint is dismissed. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990); *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021) ("[I]t is clear that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards."). The Court also notes that, here, the imposition of the anti-SLAPP statute's mandatory fee provision does not implicate the merits of the dispute, because the Court found prior to Plaintiff's voluntary dismissal that Defendant was entitled to such fees. *See Cooter & Gell*, 496 U.S. at 396–98 (allowing post-dismissal order imposing sanctions for filing frivolous complaint and explaining that because determinations regarding costs, sanctions, and fees do "not signify a district court's assessment of the legal merits of the complaint," a voluntary dismissal does not operate to divest the district court of jurisdiction of those issues). Accordingly, Plaintiff's arguments regarding this Court's jurisdiction are unfounded.

---

[1] For this same reason, the Court will not address Plaintiff's attempt to relitigate whether the article was capable of a defamatory meaning.

2

Third, Defendant is the prevailing party within the meaning contemplated by Florida's anti-SLAPP statute. As previously discussed, the Court has already found as much. As Judge Maynard explains, the Court found that Plaintiff's Complaint satisfied both prongs of the anti-SLAPP statute's fee provision. *See* Fla. Stat. § 768.295(3). Furthermore, Florida law provides that a defendant can be—and often is—considered a prevailing party where a plaintiff voluntarily dismisses an action. *See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801–02 (11th Cir. 2014) (collecting cases on prevailing party status where there is a dismissal without prejudice); *Thornber v. City of Ft. Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Flava Works, Inc. v. A4A Reseau, Inc.*, No. 14-23208-CIV, 2018 WL 1863638, at *5 (S.D. Fla. Feb. 13, 2018), *report and recommendation adopted*, 2018 WL 1859322 (S.D. Fla. Mar. 15, 2018) (citing *Yampol v. Schindler Elevator Corp.*, 186 So. 3d 616, 617 (Fla. 3d DCA 2016)); *see also Black Diamond Props., Inc. v. Haines*, 36 So. 3d 819, 822 (Fla. 5th DCA 2010) (explaining the "material alternation" test outlined in *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (1992), is inapplicable when plaintiff files a voluntary dismissal).

This is not a situation where Plaintiff voluntarily dismissed his Complaint with little to no litigation beforehand. The Court clearly ruled on the merits of Plaintiff's claims, dismissed them—albeit, without prejudice, and found that the Complaint violated Florida's anti-SLAPP provision. *See Dependable Component*, 572 F. App'x at 801–02 (finding defendant to be prevailing party despite fact that district court's dismissal was without prejudice). Plaintiff cannot create a run-around the anti-SLAPP statute's mandatory fee provision by engaging in procedural gamesmanship. This is precisely why the Supreme Court ruled in *Cooter & Gell* that district courts retain jurisdiction over collateral matters such as attorneys' fees and costs. 496 U.S. at 396–98 (emphasizing that Rule 41(a) of the Federal Rules of Civil Procedure "does not codify any policy

3

that the plaintiff's right to one free dismissal also secures the right to file baseless papers").

Lastly, for the first time in his Objections, Plaintiff asserts that the Court—or the Report and Recommendation—should not have applied Florida law in this diversity case based on Florida's "most significant relationship test."[2] Objections to a Report and Recommendation are generally an improper avenue to raise arguments for the first time—especially where the entirety of this case was based on Florida's defamation law and the Florida Deceptive and Unfair Trade Practice Act. *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (holding district court has broad discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge); *Golden v. Univ. of Miami*, 484 F. Supp. 3d 1255, 1257 n.1 (S.D. Fla. 2020) (finding objection improper where it was not first raised before the magistrate judge). Accordingly, the Court will not analyze this argument.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDED** that

1.    United States Magistrate Judge Maynard's Report and Recommendation, [ECF No. 30], is **AFFIRMED and ADOPTED**.

2.    Defendant's Motion for Attorneys' Fees and Incorporated Memorandum of Law, [ECF Nos. 26], is **GRANTED**.

---

[2] To be sure, while conceding that "the parties presumed that Florida law applied," Plaintiff did include—in a footnote in his Response in Opposition—a perfunctory argument regarding the applicability of Florida law. [ECF No. 27 at 3 n.1]. First, a footnote is "the wrong place for substantive arguments on the merits of a motion." *Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS, 2014 WL 1377830, at *8 n.1 (S.D. Fla. Apr. 8, 2014). Second, Plaintiff relied upon Florida law in bringing this action and cannot now hide behind this newly raised argument where Florida law is not in his favor. *See Chavarria v. Integro, Inc.*, 815 F. App'x 375, 378 (11th Cir. 2020) ("Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide—typically in its complaint or the first motion or response when choice-of-law matters—the sources of non-forum law on which it seeks to rely.") (internal quotation and citation omitted). And in any event, federal courts sitting in diversity jurisdiction typically apply the law of the forum state—here, Florida—when deciding on a motion for attorneys' fees. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001).

3.      Defendant is awarded its attorneys' fees in the amount of **$31,835.00**, for which sum let execution issue.

DONE and ORDERED in Chambers at Miami, Florida, this 22nd day of September 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record